IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

IBRAHIMA SYLA DIALLO, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-18-1062
:
WARDEN CLAIR DOLL, : (Judge Conaboy)
:
    Respondent :

FILED
SCRANTON
OCT 0 5 2018
Per_____
DEPUTY CLERK

**MEMORANDUM**
**Background**

Ibrahima Syla Diallo filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by Bureau of Immigration and Customs Enforcement (ICE) at the York County Prison, York, Pennsylvania. Named as Respondent is Warden Clair Doll of the York County Prison. Service of the petition was previously ordered.

Petitioner, a native of Guinea, alleged that because there is no likelihood that he will be deported in the foreseeable future, his continued indefinite detention (since October 17, 2017) by ICE pending completion of his removal proceedings was unconstitutional pursuant to the standards announced in Demore v. Kim, 538 U.S. 510, 531 (2003) and Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015). As relief, Petitioner sought his release under an order of supervision or a

1

prompt bond hearing.

## Discussion

On October 3, 2018, Respondent filed a "Notice of Suggestion of Mootness." Doc. 5, p. 1. The notice states that Petitioner was removed from the United States on September 8, 2018. See id. at p. 2. Attached to the notice is a copy of a printout from the ICE Online Detainee Locator System which also indicates that Petitioner is no longer in ICE custody. See Doc. 5-1. Accordingly, Respondent contends that since Petitioner is no longer in ICE custody, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel

v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Diallo sought either the scheduling of a bond hearing or his immediate release from ICE detention. Since Petitioner has been removed from the United States, under the principles set forth in Steffel, his instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 7, 2018